**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE NATERA: PRENATAL TESTING LITIGATION | Case No. 4:22-cv-00985-JST<br><br>**DECLARATION OF SETTLEMENT ADMINISTRATOR SIMPLURIS, INC. IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Jacob Kamenir, declare as follows:

1. Under penalties as provided by law under 28 U.S.C. § 1746, I certify that the statements set forth in this declaration are true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify that I believe the same to be true.

2. I am a Vice President of Legal Notice at Simpluris, Inc. ("Simpluris"). Simpluris is a national full-service class action notice and claims administrator.

3. Simpluris has been administering class action settlements for over fifteen years, during which time we have been appointed in over 10,000 cases and distributed over $10 billion in funds. Our leadership team has over 100 years of combined industry experience, including some of the largest class action administrations in the United States. A representative list of cases Simpluris has administered can be found in **Appendix A** to this declaration.

## PRIVACY AND SECURITY

### Overview

4. Simpluris maintains robust data and cybersecurity practices, controls, and procedures. These include using layered, industry-leading software and hardware systems to prevent external and internal unauthorized access to sensitive client and company data. Unique among other administrators, Simpluris has developed a comprehensive, integrated administration system, Cadence, designed to provide the highest level of data privacy and anti-intrusion security. Our systems are monitored, tested, and constantly upgraded by a highly experienced team of IT professionals, and systemwide security is overseen directly by our Chief Technology Officer.

5. Simpluris is SOC 2 Type 1 and Type 2 certified. SOC 2 is a standard developed by the American Institute of Certified Public Accountants to ensure that customer data is handled in a way that meets strict security, availability, integrity, confidentiality, and privacy standards. Certification requires an extensive audit of all aspects of a company's data practices by a qualified independent CPA or accounting firm.

6. As an approved Redress Administrator for the Federal Trade Commission and approved Fund Administrator for the Securities and Exchange Commission, Simpluris maintains Federal

Information Security Management Act and National Institute of Standards and Technology ("NIST") certification for data security.

**Security and Access Controls**

7. In compliance with the above certifications, Simpluris maintains strict physical and electronic access controls. For physical infrastructure and equipment, these include access logs, video monitoring, and alarm systems. For electronic systems, this includes comprehensive, constantly monitored and updated, best-in-class anti-intrusion and anti-exfiltration measures. Access privileges to all computers, including individual employee workstations, are limited to the minimum required. Requests for additional privileges must be approved by the employee's manager and IT security.

**Administrative Policies**

8. All Simpluris employees undergo a pre-hire background check and screening process.

9. All Simpluris employees enter into a non-disclosure agreement.

10. All Simpluris employees are required to undergo Health Insurance Portability and Accountability Act ("HIPAA") training.

11. All Simpluris employees are held to the highest ethical standards, and expected behavior is codified in the Employee Handbook and other written policies and procedures. Simpluris adheres to clearly defined disciplinary procedures, and policy violations can result in consequences up to and including termination of employment.

12. Only US-based employees have access to systems that contain class data.

13. When employment ends, the former employee's access to all Simpluris physical locations and electronic systems is immediately terminated.

14. Simpluris carefully reviews all vendors and third-party services and service providers, and engages only those who meet our high standards for security and reliability.

15. Simpluris has never experienced a data breach. However, should such an event take place, Simpluris maintains a detailed incident response plan. The plan includes specific internal procedures, responses, and external notifications to our general counsel and third-party stakeholders.

**Data Practices**

16. Simpluris will collect and maintain class data only to the extent required by this settlement's administration.

17. In all situations in which Simpluris employees handle PII, including class member data, we do so solely to carry out our duties and responsibilities as a third-party administrator.

18. Class data is maintained and preserved only as long as required to administer the settlement and any relevant subsequent reporting required. Data maintained on Simpluris' systems, including backups, is then deleted using NIST/Department of Defense ("DOD") standards. Any data on external drives or other media provided to Simpluris during the administration of the settlement is either securely returned to the party that provided it or wiped using NIST/DOD standards and then physically destroyed.

**Insurance**

19. Simpluris maintains appropriate insurance coverage, including Error and Omission and cybersecurity policies.

**OVERVIEW**

20. Simpluris has been selected by counsel in the above-captioned matter, subject to the Court's approval, to serve as the class action Settlement Administrator in this case. Based on information provided by the parties to date, Simpluris anticipates notice and administration expenses not to exceed $599,000. The majority of the anticipated expenses, $383,350, in this matter relate to postage fees for HIPAA compliant postcard notices.

21. Per the terms of the Settlement Agreement, in the course of this administration Simpluris will be charged with, among other responsibilities:

    (a) Establishing and maintaining an Interactive Voice Response ("IVR") settlement toll-free telephone number that will be available 24 hours a day and offer answers to frequently asked questions ("FAQs");

    (b) Establishing and maintaining a settlement-specific email box which will be monitored for Class Member inquiries;

DECLARATION OF SETTLEMENT ADMINISTRATOR SIMPLURIS, INC.     3
CASE NO. 4:22-cv-00985-JST

      (c)    Developing and maintaining an interactive settlement website that will host relevant settlement documents; provide answers to FAQs; allow eligible Class Members to submit claims electronically and elect to receive their payments digitally or by check; and comply with data privacy requirements, including a detailed Privacy Policy;

      (d)    Processing incoming claims, requests for exclusion, objections, and related class correspondence;

      (e)    Sending an email and/or postcard notice of the Settlement to eligible Class Members to provide information on how to file a claim, the deadline to do so, and other relevant dates;

      (f)    Executing a digital media notice plan;

      (g)    Disseminating notice to public officials as required by the Class Action Fairness Act;

      (h)    Establishing and maintaining a 26 CFR § 1.468B-1 compliant Qualified Settlement Fund;

      (i)    Calculating the amounts due to each Class Member pursuant to the Settlement;

      (j)    Processing payments to Class Members who make valid claims;

      (k)    Preparing and filing all applicable tax forms and tax returns with state and federal agencies; and

      (l)    Reporting on the status of the claims and distribution as required by the parties and Court.

## NOTICE PROGRAM

### Direct Notice

22.    Direct notice will be provided to Class Members by email or U.S. Mail, where possible.

23.    When Class Member email addresses are available, Simpluris will send a direct short-form notice by email. Prior to sending direct email notice, Simpluris will confirm that all email addresses are valid, properly formatted, and able to receive notice. During the claims filing period,

Simpluris may also send a reminder email to Class Members who have not filed a claim or excluded themselves from the Settlement Agreement. The proposed email notice is attached as **Exhibit A**.

24. As to direct mailing, all postcards will be HIPAA compliant. The postcards will use a double-postcard format, with all information regarding the case and settlement printed on the inside so that it can only be read when opened by the recipient Settlement Class Member. The proposed postcard notice is attached as **Exhibit B**.

25. Prior to mailing the postcard notice, Simpluris will update the mailing address information for Class Members via the United States Postal Office ("USPS") National Change of Address database, which provides updated address information for individuals or entities who have moved during the previous four years and filed a change of address with the USPS. Additionally, all addresses will be processed through the USPS Coding Accuracy Support System and Locatable Address Conversion System to ensure deliverability.

26. Postcard notices returned to Simpluris by the USPS with a forwarding address will be re-mailed to the new address provided by the USPS, and the Settlement Class Member database will be updated accordingly.

27. Postcard notices returned to Simpluris by the USPS without forwarding addresses will be processed through a public records address verification search (commonly referred to as "skip tracing") utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, and other sources, to locate updated email addresses. When new postal addresses are located, the Settlement Class Member database will be updated and the notice remailed.

28. Postcard notices will carry a QR code to allow quick, simple access to the settlement website. They will also include a detachable paper claim form. Emailed direct notice will contain a link to the settlement website.

29. Based on communications with counsel, Simpluris expects to have direct contact information for at least 85% of the Class. The Federal Judicial Center's guidelines in *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* provide that reaching 70% of class members is considered a "high" level, and we expect direct notice to exceed that threshold.

**Digital Media Notice**

30. In addition to direct notice, Simpluris will execute a digital notice program consisting of targeted digital ads placed on Meta's Facebook and Instagram social media platforms, and as responsive ads on Google Search. The digital notice program will run for seventy-five (75) days beginning thirty (30) days after an order granting preliminary approval.

31. The digital notice ads will use simple and direct language to engage users. They will be hyperlinked ("clickable"), taking users who interact with the ads directly to the settlement website.

32. Meta and Google Search ads use images and text approved by the platforms to ensure that the ads are easily viewable on all electronic devices.

33. The digital ads will be presented in either English or Spanish, depending on the language settings of the user's device. The proposed digital ads are attached as **Exhibit C**.

34. The combined digital notice program is expected to produce approximately 3.1 million impressions.

35. **Meta (Facebook and Instagram) Ads.** Meta has long been a mainstay in advertising, and is routinely used in class action notice programs due to its massive reach. Over 73% of adults with children under 12 years of age use Facebook or Instagram, making them more likely to use these platforms than the median American social media user.[1]

36. Simpluris will create a custom lookalike audience[2] on Meta by matching known Class Members to their social media profiles.[3] The digital notice ads will then be presented to users who are

---

[1] MRI Simmons Survey of the American Consumer, Winter 2025. MRI Simmons is a market research company that provides comprehensive consumer data insights, including demographics, psychographics, brand preferences, and media usage, primarily focused on the American consumer. It uses large-scale quarterly national surveys to create detailed profiles of different consumer segments and their behaviors and interests. MRI Simmons is considered a gold standard source for information in marketing and notice administration.

[2] Lookalike audiences are developed by social media AIs by recognizing patterns in user online behavior taxonomy.

[3] In keeping with federal, state, and local privacy laws and regulations, as well as industry best practices, all Class Member data will be one-way encrypted, a process called "hashing," before being uploaded to the platforms. Hashing is performed automatically, without human intervention, and the resulting output can neither be unencrypted, nor accessed or read by humans. The process makes all

parents of children aged 12 and under who share similar demographics and interests with known Class Members.

37. **Google Search.** Because Class Members frequently use internet searches to independently confirm information they may have seen in notice documents or ads, Simpluris will also place ads responsive to keyword searches. These ads will be presented when Class Members run Google searches on keywords related to this case or settlement.

38. The search ad campaign will be designed and run so that Class Members who are looking for case or settlement information will be presented a notice ad, but general consumers looking for non-invasive prenatal testing ("NIPT") services will not.

39. For this purpose the search ads will be set to "phrase match," meaning that users will need to search for one of the exact phrases defined in the campaign to trigger the ad. The search may have additional words before or after the defined phrase, and will be permissive of misspellings, but will otherwise require that the exact words in the exact order be searched for. For example, if "Natera NIPT class action" is a defined phrase, it will trigger for "Is there a Natera NIPT class action?" and for "Natera NIPT class action" but not for "Natera NIPT." Simpluris has provided Class Counsel and Defendant's Counsel with a list of phrases to be used for the campaign.

### Additional Communications and Outreach

40. **Contact Center.** A toll-free telephone number specific to this case will be implemented and maintained to further apprise Class Members of the rights and options in the Settlement. The toll-free telephone number will be listed on the postcard and email notices, and on the Settlement Website. The toll-free telephone number will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Settlement. This toll-free telephone number will be accessible 24 hours a day, 7 days a week, and will be available in English and Spanish.

---

Class Member data deidentified. Lookalike audiences are routinely used in class action notice programs.

41. In addition to the toll-free telephone number, Simpluris will establish an email address and Post Office box for Class Member communication.

42. The toll-free telephone number, email inbox, and Post Office box will be active throughout the administration.

43. **Settlement Website.** Simpluris will develop and maintain an interactive settlement website at www.NateraNIPTSettlement.com that will host relevant settlement documents, including the long form notice attached as **Exhibit D**, provide answers to FAQs, and allow eligible Class Members to exclude themselves from the Settlement, submit claims electronically, and elect to receive their payments digitally or by check.

## CLAIMS ADMINISTRATION

44. The primary way for Settlement Class Members to file a claim will be online. The online Claim Form will be designed to be easily accessible and viewed from all types of electronic devices, and will collect the information specified in the Settlement Agreement. The proposed Claim Form is attached as **Exhibit E**.

45. Settlement Class Members who would prefer to file a paper Claim Form will be able to download a printable copy from the website or return a section of the HIPAA complaint postcard (for no-proof claim only).

46. Settlement Class Members will have the option to elect their method of payment, including by check or electronic distribution. Simpluris does not accept rebates or compensation for the digital distribution methods included as part of the Settlement administration.

47. Simpluris will coordinate with counsel to implement processes and procedures for validating Settlement Class Member claims for online and paper submissions. These measures will include cross-referencing Settlement Class Member claims against Natera NIPT purchaser contact information provided to the Settlement Administrator by Natera. To the extent Simpluris determines a claim is deficient or potentially fraudulent, Simpluris will notify the Settlement Class Member and allow twenty-one (21) days for the Settlement Class Member to cure or verify. Simpluris will provide counsel timely reports on the claims submitted, including deficiencies.

48. Dispute resolution for claims will be conducted in accordance with the Settlement Agreement and in consultation with Class Counsel. Simpluris will timely notify Class Counsel of any disputed or potentially fraudulent claims.

49. Simpluris will immediately notify Class Counsel and Defendant's Counsel if any requests for exclusion or objections are received. The proposed Exclusion Request Form ("Opt Out Form") is attached as **Exhibit F**.

## PLAN OF ALLOCATION

50. Class Counsel and Simpluris have developed the following plan of allocation, subject to the Court's approval:

   a. Settlement Class Members who submit a Valid Claim without proof of out-of-pocket costs for a Natera NIPT shall receive, subject to the available Net Settlement Fund, $30 maximum (the "No Proof Maximum").

   b. Settlement Class Members who submit a Valid Claim with supporting documentation establishing out-of-pocket costs for a Natera NIPT greater than $300, shall receive, subject to the available Net Settlement Fund, 10% of such documented out-of-pocket costs.

   c. Each Settlement Class Member's payment shall be increased or decreased on a pro rata basis subject to the No Proof Maximum and the available Net Settlement Fund but shall not exceed the amount a Settlement Class Member paid out of pocket.

   d. The Settlement Administrator shall cross-reference the identity of each Settlement Class Member who submits a claim against Settlement Class Member contact information to identify fraudulent claims.

   e. If, six months after the distribution of the Net Settlement Fund, any distributable balance remains in the Net Settlement Fund because of uncollected payments, uncashed checks or otherwise, then that balance will be redistributed among those Settlement Class Members who collected payments and/or cashed checks, if it is economically feasible and approved by the Court.

      f.   If a redistribution would be uneconomical or unfeasible the Net Settlement Fund balance will be distributed to one or more non-sectarian, not-for-profit, 501(c)(3) organizations.

## AWARD DISBURSEMENT

51. Simpluris will work with the escrow bank to establish and maintain a 26 CFR § 1.468B-1 compliant Qualified Settlement Fund for this Settlement. Simpluris will ensure that all federal and state statutory and regulatory tax filing and reporting requirements are fully complied with and completed.

52. Once the Claims Deadline has passed, Simpluris will calculate individual award amounts based on the Settlement Agreement and, in accordance with instructions from Class Counsel and as approved by the Court as necessary, disburse award payments accordingly by the method selected by the Settlement Class Member.

53. If appropriate, tax documents will be mailed to Settlement Class Members who select payment by check and emailed to Settlement Class Members who select a digital payment option.

54. Any mailed award payment checks that are returned as undeliverable will be skip traced, as described above, and remailed.

55. Once Attorneys' Fees and Expenses, Service Award, costs of notice and administration, and individual award payments have been paid and the final check negotiation deadline has passed, any residual funds remaining in the QSF will be disposed of in accordance with the Settlement Agreement.

## CONCLUSION

56. I believe that proposed notice plan, consisting of direct notice by email and postcard notification, targeted digital media, interactive settlement website, and communication with Class Members via telephone, email, and US mail, represents "the best notice that is practicable under the circumstances." The notice plan will reach over 85% of the Class and will fully comply with the requirements set forth in Federal Rule of Civil Procedure 23.

57. The proposed administration as a whole will fully implement the Settlement Agreement, including notice, claims processing, and award disbursement, as agreed to by the parties and approved

by the Court, and in accordance with industry best practices and in full compliance with all applicable federal and state statutes and regulations.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on July 2, 2025, in Albert Lea, Minnesota.

_____
JACOB KAMENIR

# APPENDIX A

- *In re: Equifax, Inc., Customer Data Security Breach*, Case No. 1:17-md-2800 (N.D. Ga.)
- *In re: Premera Blue Cross Customer Data Security Breach*, Case No. 3:15-md-2633 (D. Or.)
- *Cordova et al v. United Education Institute et al*, Case No. 37-2012-00083573, Cal. Sup. Ct. (San Diego)
- *Shuts v. Covenant Holdco, LLC*, Case No. RG10551807, Cal. Sup. Ct. (Alameda)
- *Hamilton et al v. Suburban Propane Gas Corp.*, Case No. BC433779, Cal. Sup. Ct. (Los Angeles)
- *Upadhyay et al v. Prometheus Real Estate Group*, Case No. 1-08-CV-118002, Cal. Sup. Ct. (Santa Clara)
- *Starke v. Stanley Black & Decker Inc.*, Case No. C-03-CV-21-001091, Md. Cir. Ct. (Baltimore)
- *Hale v. Manna Pro Products LLC*, Case No. 2:18-cv-00209 (E.D. Cal.).
- *Gregory v. Tubi*, Case No. 2024-LA-0000209, Ill. Cir. Ct. (Winnebago);
- *Solis v. Hilco Redevelopment*, Case No. 20-cv-02348 (N.D. Ill.)
- *Rimler v. Postmates, Inc.*, Case No. CGC-18-567868, Cal. Sup. Ct. (San Francisco)
- *Shomroni v. FEI Labs Inc.,* Cal. Sup. Ct. (San Francisco)
- *Doe v. Roblox Corp.,* Case No. 3:21-cv-03943 (N.D. Cal.)
- *In re: Ambry Genetics Data Breach Litigation*, Case No. 8:20-cv-00791 (C.D. Cal.)
- *Orellana v. Planned Parenthood of Los Angeles*, Case No. 21STCV44106, Cal. Sup. Ct. (Los Angeles)
- *Cordova et al v. United Education Institute et al*, Case No. 37-2012-00083573, Cal. Sup. Ct. (San Diego)
- *Shuts v. Covenant Holdco, LLC*, Case No. RG10551807, Cal. Sup. Ct. (Alameda)
- *Hamilton et al v. Suburban Propane Gas Corp.*, Case No. BC433779, Cal. Sup. Ct. (Los Angeles)
- *Upadhyay et al v. Prometheus Real Estate Group*, Case No. 1-08-CV-118002, Cal. Sup. Ct. (Santa Clara)

- *Starke v. Stanley Black & Decker Inc.*, Case No. C-03-CV-21-001091, Md. Cir. Ct. (Baltimore)
- *Hale v. Manna Pro Products LLC*, Case No. 2:18-cv-00209 (E.D. Cal.)