1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE NATERA PRENATAL TESTING LITIGATION | Case No. 4:22-cv-00985-JST<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br><br>Judge: Hon. Jon S. Tigar |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    Before the Court is the Motion for Preliminary Approval of Class Action Settlement

2  ("Motion"), filed by Plaintiffs Lisa Cassinis, Sara Martinez, Amanda Law, Lillian Delaurie,

3  Laura Ashley Heryla, Yelena Kreynstein, Chelsey Stephens, and Amanda Davis ("Plaintiffs").

4  Plaintiffs and Defendant Natera, Inc. ("Natera" or "Defendant") have entered into a Class

5  Settlement Agreement, dated July 2, 2025 ("Settlement Agreement").[1] Having thoroughly

6  reviewed the Settlement Agreement, including the proposed forms of class notice and other

7  exhibits thereto, the Motion, and the papers and arguments in connection therewith, and good

8  cause appearing, the Court hereby **ORDERS** as follows:

9    1.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

10  § 1332(d) and has personal jurisdiction over the Parties and the Settlement Class Members.

11  Venue is proper in this District.

12    2.    The Motion is **GRANTED**.

13    3.    The Court hereby preliminarily approves the Settlement Agreement, and the

14  terms embodied therein pursuant to Fed. R. Civ. P. 23(e)(1). The Court finds that it will likely

15  be able to approve the Settlement Agreement under Fed. R. Civ. P. 23(e)(2) and to certify the

16  Settlement Class for purposes of judgment on the proposed Settlement. The Court preliminarily

17  finds that the Settlement Agreement is fair, reasonable, and adequate as to the Settlement Class

18  Members under the relevant considerations. The Court finds that Plaintiffs and proposed Class

19  Counsel have adequately represented, and will continue to adequately represent, the Settlement

20  Class. The Court further finds that the Settlement Agreement is the product of months of arms-

21  length negotiations by the Parties and the use of an experienced mediator, Judge Ronald M.

22  Sabraw (Ret.) of JAMS, who facilitated two full-day mediation sessions. The Court

23  preliminarily finds that the relief provided—a non-reversionary common settlement fund of

24  $8,250,000—is adequate considering, among other things, the costs, risks, and delay of trial

25  and appeal, the alleged harm to Settlement Class Members, and the proposed method of

26  distributing payments to the Settlement Class (i.e., direct digital and mailed payments).

27

28

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement
Agreement.

4.      The Court preliminarily finds that the Settlement Agreement treats the Settlement Class Members equitably relative to each other, and that the proposed plan of allocation of settlement funds to be paid to Settlement Class Members is reasonable and equitable.

5.      Under the terms of the Settlement Agreement, all Settlement Class Members shall be eligible to submit a claim for payment in accordance with the following plan of allocation:

      a.  Settlement Class Members who submit a Valid Claim without proof of out-of-pocket costs for a Natera NIPT shall receive, subject to the available Net Settlement Fund, $30 maximum (the "No Proof Maximum").

      b.  Settlement Class Members who submit a Valid Claim with supporting documentation establishing out-of-pocket costs for a Natera NIPT greater than $300, shall receive, subject to the available Net Settlement Fund, 10% of such documented out-of-pocket costs.

      c.  Each Settlement Class Member's payment shall be increased or decreased on a *pro rata* basis subject to the No Proof Maximum and the available Net Settlement Fund but shall not exceed the amount a Settlement Class Member paid out of pocket.

      d.  The Settlement Administrator shall cross-reference the identity of each Settlement Class Member who submits a claim against Settlement Class Member contact information to identify fraudulent claims.

      e.  If, six months after the distribution of the Net Settlement Fund, any distributable balance remains in the Net Settlement Fund because of uncollected payments, uncashed checks or otherwise, then that balance shall, if economically feasible and subject to Court approval, be redistributed among those Claimants who collected payments and/or cashed checks.

      f.  If (1) Class Counsel determines that a redistribution would be uneconomical or (2) six months after redistribution any balance remains in the Net

Settlement Fund and Class Counsel determines that a further redistribution would be uneconomical, Class Counsel shall seek an order approving the contribution of the balance to one or more non-sectarian, not-for-profit, 501(c)(3) organizations. Any proposed recipient shall be independent of Class Counsel so that Class Counsel does not derive a direct or indirect benefit from the selection of such organization as the recipient of a charitable contribution. Any motion seeking an order to approve the contribution will detail the means by which the proposed recipient(s) were selected.

6.     Within seven (7) business days of this Order, Defendant shall pay the Escrow Agent Eight Million Two Hundred Fifty Thousand Dollars ($8,250,000) to be placed in an interest-bearing account that constitutes a qualified settlement fund ("QSF").

7.     The Court hereby provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), consisting of:

All persons in the United States who purchased at least one Natera NIPT (under the brands Panorama and Vasistera) during the applicable Class Period.

8.     The Settlement Class Period depends on the state in which the Settlement Class Member's testing was ordered, and is defined as follows:

| State(s) | Dates |
|---|---|
| Ohio | February 17, 2016-[insert] |
| New Jersey | May 5, 2016-[insert] |
| Florida | February 24, 2017-[insert] |
| New York & Illinois | April 27, 2017-[insert] |
| All other states | February 17, 2018-[insert] |

9.     The Court finds that for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)—namely, that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiffs' claims are typical of those of the Settlement Class Members; (4) Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the

Settlement Class Members; and (5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

10.     Certification of the Settlement Class shall be solely for settlement purposes. In the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect, the Parties preserve all rights and defenses regarding class certification.

11.     The Court hereby appoints Plaintiffs Lisa Cassinis, Sara Martinez, Amanda Law, Lillian Delaurie, Laura Ashley Heryla, Yelena Kreynstein, Chelsey Stephens, and Amanda Davis as Settlement Class Representatives to represent the Settlement Class.

12.     The Court hereby appoints the law firms of Girard Sharp LLP and Bursor & Fisher, P.A. as Class Counsel for the Settlement Class.

13.     The Court hereby appoints Simpluris, Inc. as the Settlement Administrator and directs the Settlement Administrator to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein.

### Notice Plan

14.     Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan set forth at Section 4 of the Settlement Agreement, including the form and content of the proposed forms of class notice attached as **Exhibits A-F** to the Declaration of Settlement Administrator Simpluris, Inc. ("Simpluris Declaration") and the procedures described in the Simpluris Declaration. The Court finds that the proposed Notice Plan meets the requirements of due process under the U.S. Constitution and Rule 23; and that such notice program—which includes individual direct notice to known Settlement Class Members via email or mail; and a publication notice program along with the establishment of a Settlement Website and toll-free number—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form and content of the forms of the notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms.

15.     The Court finds that the notice clearly and concisely states in plain, easily

understood language: (i) the nature of the Action; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

16.    The Court directs the Settlement Administrator and the Parties to implement the Notice Plan as set forth in the Settlement Agreement and the Simpluris Declaration.

17.    <u>Settlement Class Member Contact Information</u>: By no later than ten (10) days after entry of this Preliminary Approval Order, Natera shall provide to the Settlement Administrator reasonably available information from its files regarding Settlement Class Members' email and/or physical addresses, subject to the Data Security Agreement between Natera and the Settlement Administrator.

18.    <u>Initial Notice and Administrative Costs</u>: The Court approves an initial payment by the Escrow Agent to the Settlement Administrator of $475,000 from the Settlement Fund for Notice and Administrative Costs. The Escrow Agent may pay the Settlement Administrator additional Notice and Administrative Costs out of the Settlement Fund as payments come due, not to exceed $599,000 in total Notice and Administrative Costs. To the extent Notice and Administrative Costs exceed $599,000, Plaintiffs must seek approval from the Court.

19.    <u>Email Notice</u>: By no later than thirty (30) days after entry of this Preliminary Approval Order (the "Notice Date" beginning the "Notice Period"), the Settlement Administrator shall issue the first Email Notice (substantially in the form attached as **Exhibit A** to the Declaration of Settlement Administrator Simpluris, Inc.) to each Settlement Class Member whose email address is verified by the Settlement Administrator.

20.    <u>Mail Notice</u>: Also, by no later than the Notice Date, for any Settlement Class Member for whom the Settlement Administrator has a potentially valid mailing address and does not have a valid email address, the Settlement Administrator shall send a Mail Notice via the U.S. Postal Service to those Settlement Class Members. The Mail Notice will be

substantially in the form attached as **Exhibit B** to the Simpluris Declaration and will provide the web address of the Settlement Website and an email and mailing address to contact the Settlement Administrator.

21.    Settlement Website: The Settlement Administrator shall establish and maintain an Internet website, at the URL www.NateraNIPTSettlement.com ("Settlement Website"), where Settlement Class Members can obtain further information about the terms of the Settlement Agreement, their rights, important dates and deadlines, and related information. Settlement Class Members shall also be able to submit Claim Forms electronically via the Settlement Website. The Settlement Website shall include, in PDF format, the First Amended Complaint in this Action, the Settlement Agreement, the long-form notice substantially in the form attached as **Exhibit D** to the Simpluris Declaration, this Preliminary Approval Order, Settlement Class Counsel's fee and cost application (after it is filed), and other case documents as agreed upon by the Parties and/or required by the Court, and shall be operational and live by no later than one day before the first Mail Notice or Email Notice is disseminated. The Settlement Website shall be optimized for display on mobile phones. The Settlement Website shall remain online until thirty (30) days after the deadline to file the Post-Distribution Accounting.

22.    Toll-Free Number: The Settlement Administrator shall establish and maintain a toll-free telephone number ("Toll-Free Number") where Settlement Class Members can obtain further information about the Settlement Agreement and their rights, and request that a hard copy Claim Form, or long-form notice be mailed to them. The Toll-Free Number shall be operational and live by no later than one day before the first Mail Notice or Email Notice is disseminated and shall remain operational until thirty (30) days after the deadline to file the Post-Distribution Accounting.

23.    Publication, Media, and Internet Notice. Notice shall also be provided via a digital media notice program, as set forth in the Simpluris Declaration. The digital media notice program shall commence as soon as practicable following the entry of this Order and, in all

events, shall commence not later than the Notice Date. This Notice shall end on the Claim Deadline.

### Claims Procedure

24.    The Court approves the form and content of the proposed Claim Form, substantially in the form attached as **Exhibit E** to the Declaration of Settlement Administrator Simpluris, Inc, approves the Claims Process set forth in the Settlement Agreement for Settlement Class Members to submit Claims, and directs the Parties and the Settlement Administrator to implement the claims process.

### Opt-Out and Objection Procedures

25.    Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator a request for exclusion that is postmarked or emailed no later than seventy-five (75) days after the Notice Date (the "Exclusion/Objection Deadline").

26.    To be effective, the request for exclusion must include:

(i)    the Settlement Class Member's full name, telephone number, mailing address, and email address;

(ii)    a clear statement that the Settlement Class Member wishes to be excluded from the Settlement Class;

(iii)    the name of this Action: "In re Natera Prenatal Testing Litigation, Case No. 4:22-cv-00985 (N.D. Cal.)"; and

(iv)    the Settlement Class Member's signature or a signature of an individual authorized to act on his or her behalf.

Each person who submits an Opt-Out request must do so individually. Group Opt-Outs are prohibited. Any Settlement Class Member who submits a timely and valid request for exclusion is foreclosed from objecting to the Settlement or to Class Counsel's motion for attorneys' fees, costs, and service awards. If a Settlement Class Member submits both a timely and valid request for exclusion and an objection, the Settlement Class Member shall be treated as if they have only submitted a request for exclusion. Any Settlement Class Member who does

not submit a timely and valid request for exclusion in accordance with this paragraph shall be bound by the Final Approval Order and Judgment if and when it is entered. The Settlement Administrator shall provide copies of all timely and valid requests for exclusion to Class Counsel and Natera's Counsel.

27.    At least seven (7) calendar days prior to the final approval hearing, Class Counsel shall prepare or cause the Settlement Administrator to prepare a list of the persons who have excluded themselves in a valid and timely manner from the Settlement Class (the "Opt-Outs"), and Class Counsel shall file that list with the Court.

28.    Any Settlement Class Member who does not submit a timely and valid request for exclusion shall have the right to object to the proposed Settlement and/or to Class Counsel's motion for attorneys' fees, costs, or service awards. To be considered valid, an objection must be in writing, must (a) be filed with or mailed to the Court at the address listed in the long-form notice, (b) be mailed or emailed to the Settlement Administrator at the address listed in the long-form notice, (c) be postmarked/filed/emailed no later than the Exclusion/Objection Deadline, and (d) include the following:

(i)    the name and case number of this Action: "In re Natera Prenatal Testing Litigation, Case No. 4:22-cv-00985 (N.D. Cal.)";

(ii)    the full name, mailing address, telephone number, and email address of the objector;

(iii)    a description of the specific reasons for the objection;

(iv)    the name, address, bar number, and telephone number of counsel for the objector, if the objector is represented by an attorney;

(v)    a list of any objections to class actions submitted by the objector or its attorney(s) within the previous five years;

(vi)    whether the objector intends to appear at the final approval hearing either in person or through counsel; and

(vii)    the objector's signature or the signature of an individual authorized to act on his or her behalf;

Only objections that are submitted in accordance with this section shall be heard by the Court. Any Settlement Class Member who does not timely submit an objection in accordance with this section shall waive the right to object or to be heard at the final approval hearing, and shall be forever barred from making any objection to the proposed Settlement or to Class Counsel's motion for attorneys' fees, costs, and service awards. Any Settlement Class Member who objects to the Settlement shall nevertheless be entitled to all benefits of the Settlement if it is approved and becomes final. The Settlement Administrator shall promptly after receipt provide copies of any objections, including any related correspondence, to Class Counsel and Defendant's Counsel.

**Final Approval Hearing**

29.     The Court will hold a final approval hearing on _____, 2025, at _____ a.m./p.m., remotely and/or in the United States District Court for the Northern District of California, Oakland Division, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612. The purposes of the final approval hearing will be to:

    (i)      determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class;

    (ii)     determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the Action with prejudice and releasing the Released Parties of all Released Claims stated in Section 6 of the Settlement Agreement;

    (iii)    determine whether the Settlement Class should be finally certified;

    (iv)     rule on Class Counsel's motion for attorneys' fees, costs and service awards;

    (v)      consider any properly filed objections; and

    (vi)     consider any other matters necessary in connection with the final approval of the Settlement Agreement.

30.     Forty (40) days after Notice Date, Plaintiffs and Class Counsel shall file their: (a) motion for final approval of the Settlement Agreement; and (b) any motion for attorneys'

fees, costs, and service awards. Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

31.    Fourteen (14) days after Exclusion/Objection Deadline, the Parties shall file any responses to any Settlement Class Member objections and any replies in support of final settlement approval and/or in support of Class Counsel's motion for attorneys' fees, costs, and service awards.

32.    The Court may, in its discretion, modify the date and/or time of the final approval hearing, and may order that this hearing be held remotely or telephonically. In the event the Court changes the date, time, and/or the format of the final approval hearing, the Parties shall ensure that the updated information is posted on the Settlement Website.

33.    If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with Notice and Administrative Costs as set forth in the Settlement Agreement, and (ii) any other obligations or provisions that are expressly designated in the Settlement Agreement to survive the termination of the Settlement Agreement. In the event the Settlement does not become effective, the certification of any settlement class shall be deemed vacated, the litigation shall proceed (including any opposition to class certification) as if the settlement class had never been certified, and no reference to any such settlement class shall be made for any purpose.

34.    Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, all proceedings in the Action are hereby stayed and suspended until further order of this Court. Settlement Class Members are preliminarily enjoined from filing, commencing, prosecuting, intervening in, or participating in, directly or indirectly, or receiving any benefits from, any lawsuit or arbitration, including a class or representative action, in any jurisdiction, forum or tribunal asserting any Released Claims.

35.     This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Natera or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Action; (b) any liability, negligence, fault, or wrongdoing of Natera or the Released Persons; or (c) that this Action or any other action may be properly certified as a class action for litigation, non-settlement purposes. Natera continues to deny Plaintiffs' claims or that any class can be certified for litigation purposes.

36.     The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Release provided for in the Settlement Agreement.

37.     The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

38.     The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are consistent with this Preliminary Approval Order.

39.     The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| Event | [Proposed] Deadline |
|---|---|
| Last day for Natera to provide Settlement Class Member contact information to the Settlement Administrator | Ten (10) days after Order Preliminarily Approving Settlement |
| Notice Period Begins (Email and Direct Mail, and Publication) | Thirty (30) days after Order Preliminarily Approving Settlement |

| Event | [Proposed] Deadline |
|---|---|
| Last day for Plaintiffs and Class Counsel to file motion for final approval of the Settlement, and motion for attorneys' fees, costs and service awards | Forty (40) days after Notice Period Begins |
| Exclusion/Objection Deadline | Seventy-five (75) days after Notice Period Begins |
| Claim Deadline | Seventy-five (75) days after Notice Period Begins |
| Last day for the Parties to file any responses to objections, and any replies in support of motion for final settlement approval and/or Class Counsel's application for attorneys' fees, costs and service awards | Fourteen (14) days after Exclusion/Objection Deadline |
| Exclusion List Deadline | At least seven (7) days prior to the Final Fairness Hearing Class Counsel shall file a list of Settlement Class Members who have excluded themselves from the Settlement with the Court. |
| Final Approval Hearing | At least one hundred and thirty (130) days after entry of the Order Preliminary Approving Settlement, or at the Court's convenience. |

40.    Within three (3) court days of this Order, Plaintiffs shall file a proposed order setting the calendar dates of the deadlines identified above.

IT IS SO ORDERED.

Date: _____

_____
Hon. Jon S. Tigar
United States District Judge